UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

OLEG BESSONOV

          Plaintiff(s),

          -against-

COSTCO WHOLESALE CORPORATION,

          Defendant(s).

----------------------------------------------------------------------X

**JOINT PRE-TRIAL ORDER**

Civil Docket No: 1:12-CV-00487-WFK-LB

      The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

      1.  **<u>Caption:</u>** The caption in this matter is as follows;

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

OLEG BESSONOV

          Plaintiff(s),

          -against-

COSTCO WHOLESALE CORPORATION,

          Defendant(s).

----------------------------------------------------------------------X

Civil Docket No: 1:12-CV-00487 WFK-LB

      2.  **<u>Parties and Counsel:</u>** The following parties have appeared by their attorneys in this matter;

<u>Trial Counsel For Plaintiff</u>
JOHN P. FAZZIO, ESQ.
Attorneys for Plaintiff(s)
OLEG BESSONOV
26 Broadway, 21 Floor
New York, NY 10004
Phone: (212) 785-5449
Cell: (609) 868-8953

Fax:    (917) 591-1803
Email: JFAZZIO@FAZZIOLAW.com

Trial Counsel For Defendant
DOMINIC BIANCO
GALLAGHER, WALKER, BIANCO & PLASTARAS, LLP
Attorneys for Defendant(s)
**COSTCO WHOLESALE CORP. d/b/a COSTCO**
98 Willis Avenue
Mineola, NY 11501
Phone: (516) 248-2002
Fax:    (516) 248-2394

3.      **Jurisdiction:** This Court has jurisdiction over this matter under 28 U.S.C.

§ 1332 as the amount in controversy is over $75,000 (plaintiff's claim is that he sustained

permanent injury to his left elbow and right knee) and there is complete diversity between

the Plaintiff, who is a citizen of New York and the Defendant, who is a citizen of

Washington.

4.      **Claims and Defenses:**

By Plaintiff: Plaintiff's Summary of Claims: Mr. Bessonov contends that Costco

had actual notice of a dangerous condition (rain accumulation) in the vestibule area,

caused by rain tracked in by patrons.  On Decmeber 12, 2010, it had been raining for

much of the day.  Defendant's policy was to place down floor mats at the first sign of rain

and floor mats were indeed placed at the entrance of the interior store at the time of

Plaintiff's accident.  The placement of these mats in the interior of the store is evidence

of Defendant's notice of the ongoing rainstorm and the dangerous condition of rain

accumualtion at all of the entryways into the Costco facility.

It is imporant to note that no floor mats were placed in the vestibule area leading

from the parking lot into the store, and that area had become slick due to rain

accumulation blown in by the wind and tracked in by customers.

Mr. Bessonov further contends that Defendant failed to take reasonable remedial steps to address the dangerous condition of rain accumulation in the vestibule area. Proper remedial steps that could have been taken, and which Costco's member services personnel indicated were used in the interior of the store, included: inspecting the area (Wilcox Dep. Tr. at 8:15-24), calling maintenance to address rain accumulation (Wilcox Dep. Tr. at 8:25-9.9), mopping (Wilcox Dep. Tr. at 11:20-12:15), using a squeegee or vaccuum pump if mopping was inadequate (*Id.*), and/or placing a mat down on the slick area (a step that Costco safety personnel indicated they do not use in the vestibule area). According to the record, no action was taken by Costco to remedy the slippery conditions in the vestibule area. Wholly ignoring slippery conditions in the vestibule area which hundreds of customers walked through did not satisfy defendant Costco's duty of reasonable care.

<u>By Defendant:</u> Defendant's Summary of Defenses: Costco contends that the premises were in a reasonably safe condition and that Costco used reasonable care in maintaining the premises in a reasonably safe condition. Costco denies that it was negligent. Costco did not create the alleged dangerous condition. COSTCO will rely upon the "Storm In Progress" doctrine. Costco contends that the accident was caused by the plaintiff's own negligence. Costco asserts that the plaintiff was negligent and caused his own accident in failing to see what was there to be seen, in failing to avoid the accident, in failing to act as a reasonably prudent person would act under the same circumstances and in failing to use due care under the circumstances.

Costco further asserts that some of plaintiff's injuries were pre-existing and that plaintiff suffered no permanent disability as a result of this alleged accident.

<u>Plaintiff's Objections</u>:  The "Storm in Progress" defense has no applicability to the case at bar.  Unlike *Solazzo v. New York City Tr. Authority*, 21 A.D.3d 735, 736-37 (App. Div. 1st Dep't 2005), where it was raining, sleeting and snowing with a heavy accumulation of snow, rain, ice sleet and hail, this case presents a light sustained rainfall of less than .10 inches per hour on a warm December day that did not create an icing over.  A mere drizzle or even sustained rainfall does not constitute the kind of "extreme weather conditions" contemplated by the "storm in progress" defense.

Plaintiff has suffered permanent disability as a result of the alleged accident. Testimony and medical evidence will be presented at trial to meet Plaintiff's burden of demonstrating damages.  In short, Mr. Bessonov was driven to the emergency room on December 12, 2010 where he was evaluated and X-rayed, showing a fracture of the radial head.  Three days later, he was examined at Brooklyn Premier Orthopedics by Dr. Raz Winiarsky who took X-rays, and identified the meniscal ACL tear.  Follow-up visits occurred thru May.  Dr. Frida Golden provided physical therapy from January thru March to try to help with Mr. Bessonov's ambulation.  A February MRI showed significant deterioration of the knee, including a radial tear, osteoarthritis, a 7 mm microtear, together with mucoid degeneration of the ACL.  Mr. Bessonov's cardiologist, Mr. Chernov, is also expected to testify that Mr. Bessonov's inability to continue with the walking routine he has been on for years has led to a weight gain of 20 lbs, which adversely affects and exacerbates Mr. Bessonov's coronary artery disease and heart condition.

<u>Defendant's Objections</u>:  Plaintiff has failed to plead that he sustained any injury to his coronary arteries or heart. Plaintiff has failed to serve expert disclosure regarding

"Mr. Bessonov's cardiologist, Mr. Chernov".  Defendant therefore objects to the presentation of any evidence regarding coronary artery or heart related diseases.

5.    **<u>Jury or Bench Trial:</u>** This case is to be tried with a jury. Both sides anticipate that the trial will require three to five days to try.

6.    **<u>Consent to Magistrate Judge:</u>** The parties do not consent to trial before a Magistrate Judge.

7.    **<u>Stipulations:</u>**

The parties stipulate that:

a)  This Court has jurisdiction over this controversy.

b)  Venue is properly placed in this District.

c)  New York substantive law applies to this lawsuit.

d)  On December 12, 2010 plaintiff fell in the vestibule of the Brooklyn Costco located at 976 Third Avenue, Brooklyn, NY 11232 while exiting the premises.

e)  On December 12, 2010, defendant, **COSTCO WHOLESALE CORP,** controlled and maintained the premises located at 976 Third Avenue, Brooklyn, NY 11232.

8.    **<u>Witnesses:</u>**

**<u>By Plaintiff:</u>** Plaintiff intends to call the following fact and expert witnesses at the time of trial;

(a) <u>Fact Witnesses:</u>
-Oleg Bessonov, 250 Parkville Avenue, Apartment 5C, 11230: Mr. Bessonov will testify that he was exiting the Costco store when he fell on the wet concrete of the vestibule area, sustaining injuries.  He will testify that he slipped on rainwater that appeared to have been tracked in by patrons.

-Valentina Bessonov, 770 Ocean Parkway, Apt. 3-J, New York, NY 11230: Ms.

Bessonov will testify that she was an eyewitness to the accident. She will testify that she was putting a receipt in her purse and did not see her husband fall, but she assisted him immediately afterward and can testify to the conditions in the vestibule area and the events that took place immediately afterward.

-Costco employee Vinny Jenkins, 976 3rd Avenue, Brooklyn, New York 11232: will provide testimony about the accident that occurred on the date in question. Mr. Jenkins will testify that he is a Member Services employee who was working on the date of the alleged incident. This witness also prepared a safety report about the accident that contradicts certain information supplied by Mr. Wilcox.

-Raz Winiarsky, MD, 1414 Newkirk Avenue, Brooklyn, NY 11226: will provide testimony about treatment and physical therapy at Brooklyn Premier Orthopedics for Plaintiff's right knee, about limitations on his range of motion resulting from the accident.

-Peter Kolb, RPA, 4802 10th Avenue, Brooklyn, NY 11219: will provide testimony about emergency treatment of Mr. Bessonov's knee on December 12, 2010

-Tatyana Ingbergman, 749 Ocaean Parkway, Boroklyn, NY 11230: will provide testimony about treatment of Mr. Bessonov's knee/elbow on December 12, 2010 at Maimonides Medical Center. Will also provide information about a follow-up visit in January, 2013, about ongoing difficulty ambulating due to pain and right knee restriction, his 20 lb weight gain, and his coronary artery disease/hypertension.

-Frida Goldin, M.D., 421 Ocean Parkway, Brooklyn, NY 11218: will provide testimony about physical therapy of Mr. Bessonov for his knee.

-Dr. Leonid Chernov, M.D., 2310 65th Street, Brooklyn, NY 11204: will provide

testimony about Mr. Bessonov's heart condition, that he was prescribed to walk at least 4-5 miles per day, and to walk a minimum of 3.5 miles per day.  He will testify that Mr. Bessonov showed significant improvement prior to the accident, but has gained

    (b) <u>Expert Witness</u>: Medical professionals being called as witnesses will testify to treatment.  They may be called upon to give a medical opinion.  This is not expected except with regard to Mr. Chernov and Ms. Bergman, but Plaintiff reserves the right to call for an expert opinion from these witnesses if it is called for by the offered testimony and would be helpful to the jury.

    (c)

<u>Defendant's Objections</u>:  Plaintiff has failed to serve expert disclosure regarding "Mr. Bessonov's cardiologist, Mr. Chernov", "Ms. Bergman" and "Tatyana Ingbergman". Defendant objects to any attempt by plaintiff to call them as witnesses at trial. Defendant objects to the presentation of any evidence to support claims regarding coronary artery or related diseases.


**<u>Defendant's Witnesses:</u>**

-Costco employee Mr. Edward Wilcox, 976 3rd Avenue, Brooklyn, New York 11232: Mr. Wilcox will testify that he is a Member Services employee who was working on the date of the alleged incident.  This witness is expected to testify that he was an eyewitness to the plaintiff's accident.  He observed that the plaintiff fell after he was struck by a stroller which was being pushed by an unidentified female patron.   This witness is expected to testify that the vestibule floor was free of standing water and puddles of water at the time of this incident. This witness is further expected to testify that carpeted floor mats were in their proper location on the day of this incident at the interior entrance to the warehouse.

-Costco employee Vinny Jenkins, 976 3rd Avenue, Brooklyn, New York 11232: will provide testimony in further support of the testimony of Mr. Wilcox. Mr. Jenkins will testify that he is a Member Services employee who was working on the date of the alleged incident. This witness is expected to testify that the vestibule floor was free of standing water and puddles of water at the time of this incident.

-Costco employee TOMASSO ANZALONE, 976 3rd Avenue, Brooklyn, New York 11232: TOMASSO ANZALONE will provide testimony in further support of the testimony of Mr. Wilcox. This witness is expected to testify that it is Costco's custom and practice to place carpeted floor mats at the entrance of the warehouse for the purpose of preventing the warehouse floor from becoming slippery as a result of rain being tracked into the warehouse by foot and shopping cart traffic. This witness is further expected to testify that mats are placed at the front entrance where members are greeted and membership cards are checked. The mats extend inward from this checkpoint. Once mats are placed, inspections are conducted every half hour to determine the ongoing necessity based upon whether. TOMASSO ANZALONE is expected to testify further that floor mats are not removed until the rain has ceased and the parking lot is completely dry.

-Dr. Stuart Hershon, 18 E. 60th St, New York, New York : Based on his examination and upon review of the relevant records, Dr. Hershon will testify with respect to his opinions of the plaintiff's alleged injuries, including the information and details contained in his report dated September 27, 2012. Dr. Hershon will testify at the trial of this action with respect to his review of the plaintiff's treatment records, including the findings, symptoms and signs and will discuss the significance of age related

degeneration as well as his opinions concerning diagnosis, treatment, proximate cause and prognosis. The expert will discuss the claims of injury made by the plaintiff and will specifically discuss the etiology and significance of normal aging.  This expert is expected to testify that the fracture in the left upper extremity is well healed and that there is no current disability or permanent disability.  This expert is expected to testify further that the radiological studies show degenerative changes with respect to his right knee. This expert is expected to testify further that the plaintiff's symptoms are chronic in nature and are without objective evidence of orthopedic disease.

9.      **Deposition Testimony for Case in Chief:**

By Plaintiff: The plaintiff does not currently intend to offer deposition testimony during its case as evidence in chief.  The plaintiff, however, reserves the right to offer said testimony should any witness become unavailable, for purposes of impeachment or rebuttal, and for any other purposes consistent with the Federal Rules.

By Defendant: The defendant does not currently intend to offer deposition testimony during its case as evidence in chief.  The defendant, however, reserves the right to offer said testimony should any witnesses become unavailable, for purposes of impeachment or rebuttal, and for any other purposes consistent  with the Federal Rules. The defendant further states that it will object to the reading of any deposition testimony that would be inadmissible under the Federal Rules of Evidence. Specifically, defendant will object to the reading of any parts of the deposition pertaining to areas in which the witness is incompetent to testify, that which may be irrelevant, or that which may otherwise violate the Federal Rules of Evidence.

The deposition transcripts which may be used in the aforementioned manner is:

a)  OLEG BESSONOV and

**b)**  VALENTINA BESSONOVA

The defendant reserves the right to call rebuttal witnesses.

10.   **<u>Exhibits:</u>**

<u>Plaintiff's Exhibits:</u>

  A. CERTIFIED NOAA Weather Report for DECEMBER

    2010 – JFK Airport.

  B. Member's First Report of Incident dated December 12,

    2010.

  C. IME report of Dr. STUART HERSHON dated September

    27, 2012**.**

  D. Photographs which were previously marked Exhibits, B1

    through 5 on June 27, 2012.

  E. Ray Wiznarsky M.D., Redacted Assessment Reports – Dec.

    2010 thru 4/27/2011.

  F. Emergency Room Report of Resident Physician/PA Peter

    Kolb RPA.

  G. Physical Therapy Progress Notes of Frida Goldin.

  H. Doshi Diagnostic Imaging MRIs of February 2013.

<u>Defendant's Objections</u>:

<u>Defendant's Exhibits</u>:  The defendant may offer the following exhibits,

subject to trial development:

  A. CERTIFIED NOAA Weather Report for DECEMBER

2010 – JFK Airport.

B.      Member's First Report of Incident dated December 12, 2010.

C.      IME report of Dr. STUART HERSHON dated September 27, 2012.

D.      MAIMONEDES MEDICAL CENTER MRI films of May 3, 2003 of plaintiff's right knee.

E:      Collateral Source Records.

F.      Plaintiff's medical records from Dr. FRIDA GOLDIN.

G.      MAIMONEDES MEDICAL CENTER MRI films of March 9, 2005 of plaintiff's right knee.

H.      MAIMONEDES MEDICAL CENTER films of May 15, 2003 of plaintiff's right knee.

I.      Photographs which were previously marked Exhibits, B1 through 5 on June 27, 2012.

<u>Plaintiff's Objections:</u> None.

Each party reserves the right to use the other party's exhibits or supplement their exhibit lists leading up to trial.

**SO ORDERED**

DATED:     Brooklyn, N.Y.
           July __, 2013

                                   _____
                                         U.S.D.J.